UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HAROLD LEE TINEYBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3357 |
| | ) | |
| MICHELLE SADDLER et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on systemic challenges to the conditions at the facility.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court

1

must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review but has been cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., quoting Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.

He alleges that he is "denied the right to technical assistance in the form of a personal computer, demonstration projects, dissemination of information and implementation of scientific based research located in established libraries."  He also alleges denial of access to the law library at the facility and describes that library as inadequate because he can access only "criminal state or federal constitutional law."  He also asserts that the electronic filing system (recently begun at the facility through a

cooperative agreement between this Court and the facility) does not work and has prevented him from timely filing documents.

Plaintiff further alleges that he has been denied the right to a job in the facility and denied his right to earn minimum wage. He alleges that he has a right to a therapeutic and positive atmosphere but instead is constantly harassed and treated in a punitive manner. He wants to be treated like a patient, not a prisoner. He further alleges he should be receiving educational and vocational training to prepare him for gainful employment when he is released. He assails the facility's requirement that all outgoing mail be stamped with a return address indicating that the mail comes from a detention center for sexually violent persons. He contends this violates his right to privacy and his right to communicate.

Lastly, Plaintiff appears to allege that he received a false disciplinary report on August 21, 2011, charging him with various rule violations that he did not commit.

## ANALYSIS

Plaintiff has no constitutional right to a computer or to access

libraries outside of the facility.  See, e.g., <u>Roberts v. Cohn</u>, 63 F.Supp.2d 921, 924 (N.D. Ind. 1999)("It is well established that prison inmates do not have a constitutional right to use or possess typewriters and word processors.").  He has no constitutional right to a well-stocked law library, and his allegations fail to give rise to a plausible inference that he suffered any actual prejudice from denial of access to the courts caused by the alleged inadequate law library, his inability to make copies, or the alleged delays in the electronic filing system.  <u>Ortloff v. United States</u>, 335 F.3d 652, 656 (7th Cir. 2003)("[A] right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim.")(abrogated on other grounds as recognized in <u>Parrott v. U.S.</u>, 536 F.3d 629, 635 (7th Cir. 2008)).

    Plaintiff has no federal right to a job inside the facility and no right

to earn any wages.  He has no federal right to educational or vocational opportunities.  See <u>Garza v. Miller</u>, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities); <u>Elliott v. Baker</u>, 2008 WL 4876871 *2 (N.D. Ill. 2008)(not published in F.Supp.2d)("The federal Constitution does not require state authorities to provide convicted prisoners educational, rehabilitative, or vocational opportunities . . . . The Court is unaware of any authority, nor does Elliott cite any, suggesting that the rules are different for civilly committed persons.").

   Plaintiff's vague claims of harassment, intimidation and a punitive atmosphere do not state a federal claim.  Nor do his claims about the alleged false disciplinary report, because he lists no deprivation he suffered other than the false report itself.  The fact that the report was false does not by itself violate the Constitution.  See <u>Leslie v. Doyle</u>, 125 F.3d 1132, 1136 (7th Cir. 1998)("Broadly speaking, the Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se, . . . ; it prohibits the abuse of power that effects a

significant deprivation.").    Even imagining that Plaintiff suffered a constitutional deprivation as a result of the ticket, no plausible inference arises that he was denied any procedural due process before that deprivation was imposed.

Further, no federal claim is stated arising from the required return address on outgoing mail.  Plaintiff has no constitutionally protected privacy interest in not revealing the title of the facility in which he is held.  That is a matter of public record, as are his convictions.  See www.isp.state.il.us (search sex offender information; search for name Tiney-Bey); see also Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006)(sex offender stigma alone did not trigger procedural due process protections).  The stamp does not impede Plaintiff's ability to send outgoing mail.  That the stamp may cause the recipients of that mail to decline to respond does not change the Court's conclusion.

Lastly, to the extent Plaintiff alleges a violation of the Illinois Administrative Code, he fails to state a federal claim for relief. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A]

violation of state law is not a ground for a federal civil rights suit.")

In sum, Plaintiff's Complaint states no plausible claims. In fact, Plaintiff's claims border on the frivolous or harassing. Plaintiff may be required to post bond in future cases to cover potential costs and sanctions. See <u>McGill v. Faulkner</u>, 18 F.3d 456, 459 (7th Cir. 1994)("[T]he rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike."); <u>Anderson v. Steers</u>, 998 F.2d 495, 496 (7th Cir. 1993)(upholding requirement that pro se plaintiff post $10,000.00 bond in "apparently frivolous" action).

IT IS THEREFORE ORDERED:

1.  Plaintiff's petitions to proceed in forma pauperis are denied (d/e's 2, 9) because he fails to state any federal claims for relief. All pending motions are denied as moot (d/e's 3, 6, 11), and this case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiffs plan to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: March 5, 2012

FOR THE COURT:

>  s/Sue E. Myerscough
>  SUE E. MYERSCOUGH
>  UNITED STATES DISTRICT JUDGE